# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SPIN MASTER LTD. and STEVEN DAVIS,

    Plaintiffs,

v.

OVERBREAK LLC,

    Defendant.

No. 05 C 0860
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

The issue here is whether this case should be dismissed or stayed in deference to a lawsuit filed two days earlier in the United States District Court for the Central District of California. Failing that, Defendant Overbreak asks for a transfer of venue to Los Angeles on convenience grounds.

The details of the substantive claim can be simplified here. Plaintiff Steven Davis invents flying toys one of which is the highly successful and much noted Vectron Ultralite. Plaintiff Spin Master is a fast-growing toy company with an exclusive license to market and sell the Vectron Ultralite. Overbreak is a toy company, which markets a competing product, the HoverCopter. The HoverCopter sells for much less than the Vectron Ultralite. Davis and Spin Master sued here for infringement of patent and copyright and for unfair competition just two days after Overbreak filed a narrower suit seeking declaratory judgment of non-infringement in the Central District of California.

Overbreak argues that, at the very least, this case ought to wait until the patent issue is resolved. There is a legal preference for the first to file, but it is not absolute. Considerations "of judicial and litigant economy, and the just and effective disposition of disputes, require

otherwise." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931,937 (Fed. Cir. 1993) rev'd on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

Judicial and litigant economy do not, in this case, support the first to file preference.

Even without the patent claim, this case represents a broad based attack on Overbreak and its HoverCopter. If Overbreak wins the patent dispute, it will still have to come here to defend against extensive claims that may very well still take HoverCopter out of the market or, in the least, cause it significant damage. If it does not prevail in the California action, then Spin Master and Davis are seriously damaged by the delay in their remedy. Cost efficiencies can be achieved only if all claims are dealt with in a single proceeding. It is true that, in many cases, the patent claim is the large dog and the other claims are but a small tail. If this were such a case, then the first to file preference would be justified. But, the non-patent claims here are not merely auxiliary but are instead equal to the patent dispute.

Just and effective disposition of this suit also "requires otherwise" with respect to the first to file rule. Prior litigation amongst the parties here shows that Davis is not subject to jurisdiction in California. Overbreak learned this the hard way when a federal judge in California sanctioned them for claiming that Davis was amenable to jurisdiction there. Here Davis, as a plaintiff, has submitted himself to jurisdiction, making possible more effective disposition of the suit.

Davis is the owner of the patent. Ordinarily, only he can sue to enforce it and only he can be bound by a declaratory judgment against the patent. He is, so far as the pleadings here and in California (of which I have taken judicial notice) show, an indispensable party. While it is true that he has authorized Spin Master to enforce the patent, he still has not surrendered his

2

own right to do so. This distinguishes the present case from the line of precedent that excuses the patent owner who grants all the rights to another with only the possibility of reversion of those rights when certain conditions are not met. *See Pliant Corp. v. MSC Mktg. & Tech., Inc.,* 355 F. Supp. 2d 926 (N.D. Ill. 2005).

Indeed, it is difficult to understand the strategic position of Overbreak on this issue. It is true that Davis and Spin Master may be operating in concert and Davis would be bound by an adverse judgment in California. As I pointed out in *Pliant*, this might be cold comfort in modern patent litigation where many of the most important rulings are made prior to judgment. For example, if Davis were disappointed with the California Markman ruling, he could cease to act in concert with Spin Master before judgment was entered and could file a separate and repetitive lawsuit. Thus, it is far more efficient to resolve the patent issue here where Davis has submitted to jurisdiction. For these reasons, I will not dismiss or stay the case before me.

The issue then is whether I transfer the case to California. Defendant Davis is a U.S. citizen living in Hong Kong. Defendant Spin Master is a Canadian company. Plaintiff Overbreak is a Nevada corporation with a principal office in California. The ties of the parties to this jurisdiction are as follows: Davis has centered the development of his U.S. based business in Chicago and its near suburbs, Overbreak has warehouses in or near this District and many of its customers, including one of its very largest, are headquartered here. The parties' ties to California are limited to the fact that Overbreak is managed there.

Both Plaintiffs and Defendant make the usual arguments about how one forum or the other is most convenient, but really it is too soon to know the truth of the matter. Discovery with respect to Overbreak's managers is more conveniently taken in California. It is the practice

here to require that discovery of this sort be taken in the defendant's home state. Other discovery, such as damage discovery, will be taken all over the country. When all is said and done, it will be the convenience for the parties at trial that will make the difference. Until discovery is completed, we will not know what issues are going to be at the center of the trial. If patent validity is at issue, the principal witnesses will likely be in this District and the expert witnesses will likely hail from a variety of different locations. If willfulness is an issue, California is likely to be the best site. As I have in most other cases, I will deny, without prejudice, the motion to transfer the case to a more convenient forum. When the case is more fully developed, I will not hesitate to transfer it if California is a more convenient forum.

Overbreak's Motion to Dismiss the Complaint in favor of the pending action in the Central District of California is DENIED. Overbreak's Motion to Stay the case is DENIED. Overbreak's Motion to Transfer the case to the Central District of California is DENIED, without prejudice, to its being made at or near the end of discovery.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: April 22, 2005